UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>URIEL SANTOS-TRUJILLO,<br><br>                  Defendant. | CASE NO. 19-CR-4333-LAB<br><br>**ORDER DENYING MOTION FOR HARDSHIP CREDIT FOR HARD TIME SERVED [Dkt. 34]** |
|---|---|

On April 11, 2022, Defendant Uriel Santos-Trujillo ("Santos-Trujillo") filed a Motion for Hardship Credit for Hard Time Served ("Motion"). (Dkt. 34). As detailed herein, the Motion is **DENIED**. Construing his Motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** to filing a proper petition under § 2241 after exhausting applicable administrative remedies.

**I.   BACKGROUND**

Santos-Trujillo, a federal inmate previously incarcerated at Giles W. Dalby Correctional Facility ("CI Dalby") and currently at Federal Medical Center, Butner ("FMC Butner"), pled guilty to one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. By judgment dated June 11, 2020, the Court sentenced him to 71 months' imprisonment, followed by five years of supervised release. (Dkt. 32).

Santos-Trujillo now seeks "two days credit for one served for the time inmate Uriel Santos-Trujillo was locked down in [CI Dalby] since March of 2020." (Dkt. 34 at 3). He argues that he is entitled to this "hardship credit for hard time served" on account of the alleged unconstitutional conditions of confinement at CI Dalby resulting from the COVID-19 pandemic. (*Id.* at 1–3).

## II.   DISCUSSION

### A. Sentence Modification

A district court lacks inherent authority to modify a criminal defendant's term of imprisonment after it has been imposed, except in the limited circumstances enumerated by Congress in 28 U.S.C. § 3582 (b) and (c). *See Dillon v. US*, 560 U.S. 817, 824 (2010); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) (quoting *United States v. Smartt,* 129 F.3d 539, 540–41 (10th Cir. 1997)) ("Title 18 U.S.C § 3582 governs prison sentences and . . . provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in . . . *limited* circumstances.") (alteration in original) (emphasis in original).

Here, Santos-Trujillo has failed to allege any statutory basis that authorizes this Court to award the double credit he requests. He does not contend that his motion falls within the provisions of § 3582(b). *See* 18 U.S.C. § 3582(b). Nor does it appear that he is seeking a modification of his sentence under § 3582(c) because he hasn't submitted a proper motion either identifying extraordinary or compelling reasons that warrant such a reduction or relying upon an amendment to the United States Sentencing Guidelines. *See* 18 U.S.C. §§ 3582(c)(1)(A), (c)(2); *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (quoting 18 U.S.C. § 3582(c)) ("A court may modify a defendant's term of imprisonment [under § 3582(c)(2)] if the defendant was 'sentenced . . . based on a sentencing range that has subsequently been lowered' pursuant to a retroactive amendment to the U.S. Sentencing

Guidelines."). The Court therefore lacks the authority to entertain Santos-Trujillo's motion for hardship credit or to grant the relief requested. *See id*. Accordingly, his Motion is **DENIED**.

### B. 28 U.S.C. § 2241

To the extent that Santos-Trujillo's motion can be liberally construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, he generally must exhaust all available administrative remedies before presenting his claims in court. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. . . . The Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of imprisonment.").

A petitioner need not exhaust administrative remedies if such recourse would be futile. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). The petitioner bears the burden of demonstrating futility. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (remanding a case for failure to demonstrate "grounds for excusing the exhaustion requirement"). Here, Santos-Trujillo has neither alleged nor demonstrated that he pursued any applicable administrative remedies prior to seeking relief in this Court, or that an exception to the exhaustion requirement applies. Accordingly, construed as a habeas corpus petition under § 2241, Santos-Trujillo's filing is **DISMISSED WITHOUT PREJUDICE** to filing a proper petition under § 2441 following exhaustion of applicable administrative remedies.

### C. Civil Claims

To the extent Santos-Trujillo seeks to challenge the constitutionality of his conditions of confinement at CI Dalby, those claims are not cognizable as a post-judgment motion in this criminal case and are more appropriately

addressed in a separate civil action. Because of the filing fee applicable to civil actions filed by prisoners under the Prison Litigation Reform Act ("PLRA"), the motion is not liberally construed as seeking to open a new civil rights action at this time. *See* 28 U.S.C. § 1915(b)(1).

### III. CONCLUSION

Santos-Trujillo's Motion for Hardship Credit for Hard Time Served is **DENIED** and, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** to filing a proper petition under § 2241 after exhausting applicable administrative remedies.

The Clerk of the Court is **DIRECTED** to mail Santos-Trujillo a blank 28 U.S.C. § 2241 petition together with a copy of this Order, directly assign it to the same District Judge and Magistrate Judge as in this criminal case, and close the same on the basis of this Order. The Clerk of the Court is additionally **DIRECTED** to mail Santos-Trujillo a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action. Santos-Trujillo is cautioned that the filing fee provisions of the PLRA will apply to the new action. *See* 28 U.S.C. § 1915(b).

**IT IS SO ORDERED**.

Dated: July 26, 2022

**HON. LARRY ALAN BURNS**
United States District Judge